**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1913**

RIGOBERTO JAVIR RIVERA JIMENEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 27, 2023                    Decided:  April 10, 2023

Before WILKINSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Benjamin J. Osorio, Eliza S. Collison, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Zoe J. Heller, Senior Litigation Counsel, Erik R. Quick, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rigoberto Javir Rivera Jimenez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).* We deny the petition for review.

This Court reviews the denial of protection under the CAT for substantial evidence. *Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. (internal quotation marks omitted). The relevant legal determinations, however, are subject to de novo review. *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012).

To qualify for relief under the CAT, Rivera Jimenez must show that it is more likely than not that he will be tortured if he returns to El Salvador. 8 C.F.R. § 1208.16(c)(2). Torture is defined as (1) "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" in a manner that is (2) "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Rodriguez-Arias v. Whitaker*, 915 F.3d

---

* Rivera Jimenez only challenges the denial of CAT protection in his brief. Thus, we will not review the denial of asylum and withholding of removal. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (noting that failure to address the denial of CAT relief in the brief waives review of that issue).

2

968, 971 (4th Cir. 2019). Rivera Jimenez need not prove that the torture would be inflicted on account of a protected ground. *Dankam v. Gonzales*, 495 F.3d 113, 116 (4th Cir. 2007). "A public official acquiesces to torture if, prior to the activity constituting torture, the official has awareness of such activity and thereafter breaches his or her legal responsibility to intervene to prevent such activity. The official or officials need not have actual knowledge of the torture; it is enough if they simply turn a blind eye to it." *Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014) (cleaned up). Rivera Jimenez must establish a particular likelihood of torture if he returns to El Salvador. *See Lizama v. Holder*, 629 F.3d 440, 449 (4th Cir. 2011) (noting that applicant for CAT protection must establish that he would be targeted by gangs more than any other citizen).

Rivera Jimenez asserts that the agency overlooked his documentary evidence, failed to sufficiently analyze the record, and did not develop the record. The IJ found no credibility in Rivera Jimenez's claim that he feared returning to El Salvador because his brother was persecuted by gang members and police. Rivera Jimenez advanced no reason why he faced a particularized risk of torture. He was not tortured in the past, he did not assert any credible reason why persons may be targeting him now for torture, and his mother and brother have remained in El Salvador unharmed. And because of the adverse credibility finding, Rivera Jimenez did not show that his torture would be by or at the instigation of or with the consent or acquiescence of a public official. 8 C.F.R. § 1208.18(a)(1). We conclude that substantial evidence supports the denial of protection under the CAT.

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*